# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>NORCOLD, INC., et al.,<br><br>Defendants. | Case No. 1:21-cv-00521-JLT-SAB<br><br>ORDER GRANTING STIPULATED MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF Nos. 15, 22) |

This action was removed to this Court on March 29, 2021. (ECF Nos. 1, 2.) On May 27, 2021, a scheduling order issued, which has not been modified in this action. (ECF No. 15.) On June 3, 2022, the parties filed a stipulation requesting the scheduling order be modified. (ECF No. 22.) The parties proffer this is a complex commercial dispute; that there is no trial date; that the parties have worked cooperatively to exchange information informally and reduce the costs and delays of formal discovery and related motions; that they are continuing with discovery in advance of a proposed private mediation; that they understood the Court's clarification order to effectively stay this action; and request an extension of the pretrial deadlines by approximately a five month period. (Id.)

The parties proffer as one reason for the modification, that they "understood" the Court's clarification order of October 28, 2021, to "effectively stay the action pending the appointment

of a new District Judge." (Id. at 2.) However, the Court notes that the order only specified that the parties "should expect that no matter in any of those cases will be address by a district judge," and that "this means that all matters set before the district judge in these cases are effectively STAYED until further notice." (ECF No. 16 at 2.) Thus, this *case* was clearly not stayed, only *matters* set before the district judge in the case. Here, there were no matters set or pending before the district judge. Rather, the parties filed answers, participated in the joint scheduling report and conference, and were to proceed into discovery in advance of the dispositive motion filing date and pretrial conference. Nonetheless, the Court finds good cause to modify the scheduling order based on the parties' proffer of informal discovery completed thus far in advance of a private mediation, and in the interests of reducing costs in advance of the mediation.

The parties have requested the setting of a separate "discovery motion" deadline, the Court notifies the parties that it does not set such separate motion deadline apart from the respective discovery deadlines. As explained in the scheduling order:

> The parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(ECF No. 15 at 3.)

///

///

///

Pursuant to the parties' stipulation, IT IS HEREBY ORDERED that the motion to modify the scheduling order is GRANTED and the scheduling order is modified as follows:

1. Nonexpert Discovery Deadline: November 15, 2022;
2. Expert Disclosure Deadline: December 15, 2022;
3. Supplemental Expert Disclosure Deadline: January 16, 2023;
4. Expert Discovery Deadline: February 15, 2023;
5. Dispositive Motion Filing Deadline: April 3, 2023; and
6. Pre-trial Conference: June 2, 2023, at 1:30 p.m. in Courtroom 4.

All other dates and aspects of the scheduling order shall remain in effect.

IT IS SO ORDERED.

Dated:   **June 6, 2022**

UNITED STATES MAGISTRATE JUDGE