# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>NORCOLD, INC., et al.,<br><br>Defendants. | Case No.  1:21-cv-00521-JLT-SAB<br><br>ORDER GRANTING STIPULATED MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF Nos. 15, 23, 24) |

This action was removed to this Court on March 29, 2021.  (ECF Nos. 1, 2.)  On May 27, 2021, a scheduling order issued, which was modified one time, on June 6, 2022.  (ECF Nos. 15, 23.)  No trial date is currently set.  On October 20, 2022, the parties filed a stipulation requesting the scheduling order be modified.  (ECF No. 24.)  The parties proffer they experienced delays with scheduled depositions due to availability of witnesses; that proposed adjustments will allow the parties to continue with both formal discovery and the informal exchange of information to reduce the scope of discovery and avoid unnecessary costs associated with both expert and non-expert witnesses; and that the proposed modifications will permit the Parties to explore a potential for resolution of the entire matter through private mediation.  The parties request an extension of approximately 90 days.

The Court finds good cause to grant the stipulated motion.  As in the previous request for modification, the parties again have requested a separate "discovery motion" deadline.  The

1

Court again notifies the parties that it does not set such separate motion deadline apart from the respective discovery deadlines. As explained in the scheduling order:

> The parties are cautioned that the discovery/expert cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

(ECF No. 15 at 3.)

Pursuant to the parties' stipulation, IT IS HEREBY ORDERED that the motion to modify the scheduling order is GRANTED and the scheduling order is modified as follows:

1. Nonexpert Discovery Deadline: February 16, 2023;
2. Expert Disclosure Deadline: March 15, 2023;
3. Supplemental Expert Disclosure Deadline: April 10, 2023;
4. Expert Discovery Deadline: May 12, 2023;
5. Dispositive Motion Filing Deadline: July 7, 2023; and
6. Pre-trial Conference: October 6, 2023, at 1:30 p.m. in Courtroom 4.

All other dates and aspects of the scheduling order shall remain in effect.

IT IS SO ORDERED.

Dated: __October 21, 2022__

UNITED STATES MAGISTRATE JUDGE