# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NORCOLD, INC., et al.,<br><br>Defendants. | Case No. 1:21-cv-00521-JLT-SAB<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER<br><br>(ECF Nos. 15, 23, 25, 29, 32, 34) |

**I.**

**INTRODUCTION**

This action was removed to this Court on March 29, 2021. (ECF Nos. 1, 2.) On May 27, 2021, a scheduling order issued (ECF No. 15), which has been modified four times by stipulation of the parties: on June 6, 2022, October 21, 2022, January 19, 2023, and August 7, 2023. (ECF Nos. 23, 25, 29, 32.) Relevant to the instant motion, the expert discovery deadline expired on October 20, 2023, the pretrial conference is set for December 18, 2023, and trial is set for February 27, 2024. (ECF Nos. 29, 33.) The parties request that the expert discovery deadline be continued to March 1, 2024; the pre-trial conference be continued to an undetermined date; and trial be continued to April 30, 2024. (ECF No. 34-1 at 3.) The Court denies the parties' motion to reopen expert discovery and grants the motion to continue the pretrial conference and trial.

## II.

## LEGAL STANDARDS

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d 604 at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

It is "significant" when a party is seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id. When

1 ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court is to
2 "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed,
3 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent
4 in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the
5 need for additional discovery in light of the time allowed for discovery by the district court, and
6 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N.
7 Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

### III.

### DISCUSSION

The parties contend they have disclosed numerous retained and non-retained expert witnesses for potential trial testimony.  (ECF No. 34 at 2.)  However, due to the limited availability of certain expert witnesses, the parties represent that there are additional expert witness depositions to complete.  The parties maintain that the deposition testimony of certain experts is relevant to any mediation and settlement negotiations.  The parties proffer they have coordinated a mediation on March 6, 2024 with retired Solano County Superior Court Judge Paul L. Beeman. The parties aver the proposed modifications to the expert discovery deadline and continuance of the pretrial conference and trial will reduce the scope of disputed issues for trial and facilitate the potential for settlement.

**A.    The Court Denies the Parties' Stipulation to Reopen Expert Discovery**

On August 7, 2023, the Court granted the parties' timely fourth stipulation to modify the scheduling order to extend the expert discovery deadline from August 11, 2023 to October 20, 2023. (ECF No. 32.)  On December 13, 2023, the parties filed the instant stipulated motion to extend expert discovery until March 1, 2024. (ECF No. 34.)  The parties are therefore requesting that the Court sanction the parties' "retroactive reopening" of expert discovery nearly two months after the expiration of the deadline to allow depositions of both Plaintiff's and Defendant's experts. See West Coast Theater Corp., 897 F.2d at 1524 (noting a "considerable" difference between a motion to retroactively reopen discovery and a request to extend the discovery deadline). As expressly stated in the scheduling order on May 27, 2021, "discovery requests and

3

deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel." (ECF No. 15 at 3.) Upon consideration of the legal standards and the parties' proffered reasons for good cause, the Court finds the parties have not been diligent and will not grant the parties' motion to reopen expert discovery.

"Good cause" means scheduling deadlines cannot be met despite the party's diligence. Mammoth Recreations, Inc., 975 F.2d at 609. The parties have not demonstrated that even with the exercise of due diligence, they could not meet the requirements of the scheduling order as amended. Despite their August 2023 request to continue the expert discovery deadline to October 20, 2023, the parties now represent their "original plan was to complete the expert depositions by early November in advance of a private mediation conference." (Declaration of Thomas M. Downey ("Downey Decl."), ECF No. 34-1 at 2.) While the parties do not provide a timeline as to when their original plan was coordinated, they proffer that at some point they learned certain expert witnesses were not available for deposition until mid-January. (Id.) Based on their proffer, the Court cannot find the parties exercised diligence to meet the October 20, 2023 expert discovery deadline.

While this is a stipulated motion and there is no demonstration of prejudice to any party, the moving parties have not demonstrated diligence in adhering to the guidelines established by the Court in the August 7, 2023 modified scheduling order.[1] See City of Pomona, 866 F.3d at 1066. Further, although the parties proffer the deposition testimony of certain experts is relevant, will reduce the scope of disputed issues for trial, and will facilitate the potential for settlement, the foreseeability of the need for the expert depositions was clearly present at earlier points in this litigation prior to October 20, 2023. See City of Pomona, 866 F.3d at 1066. In their stipulation nearly two months after the expert discovery deadline, the parties fail to specify when they

---

[1] "In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1060 (9th Cir. 2005) (superseded on other grounds by statute).

learned of the named experts' unavailability for depositions.  Thus, the Court cannot determine on these facts whether Plaintiff "was diligent in obtaining discovery within the guidelines established by the court."  (Id.)  The parties' lack of diligence in failing to move the Court at an earlier date also leads the Court to conclude that the parties' stipulated motion to reopen expert discovery until March 1, 2024 is not supported by good cause.

The Court notes that the parties may agree to conduct expert discovery after the October 20, 2023 deadline, especially given the parties' representations that they have "agreed to cooperate in scheduling expert depositions" and the parties' agreement that the specified expert deposition testimony is "relevant to the private mediation and settlement negotiations" and "would reduce the disputed issues related to liability that involve complex product engineering evidence." (Downey Decl. at ¶¶ 3-4; ECF No. 34 at 2.)  Should the parties agree to engage in expert discovery after October 20, 2023, they must do so without judicial enforcement, as any motion to compel or other expert discovery motion made to the Court "may result in denial of the motion as untimely."  (See ECF No. 15 at 3.)  Accordingly, the Court denies the parties' stipulated motion to reopen expert discovery.

## B. The Court Grants the Parties' Stipulation to Continue the Pretrial Conference and Trial

The parties proffer that they have agreed to extend the pretrial conference from December 18, 2024 to an unspecified date and trial from February 27, 2024 to April 30, 2024.  (ECF No. 30 at 4.)  The Court notes that a pending mediation has been the basis for both the third and fourth stipulated requests to modify the scheduling order.  (See ECF No. 29 at 2 (finding good cause to modify the scheduling order in part because the parties agreed to a March 20, 2023 mediation); ECF No. 32 (finding good cause to modify the scheduling order because the mediation was continued to September 28, 2023).)  Here, the Court finds the parties' proffer that they have experienced difficulty scheduling mediation due to the unavailability of both counsel and a mediator with extensive experience in large loss subrogation matters to be reasonable.  (ECF No. 34 at 2; Downey Decl. at ¶ 4.)

However, the Court notes that the parties' requested April 30, 2024 trial date would require

that the pretrial conference be held prior to the coordinated March 6, 2024 mediation. The Court recognizes the potential futility in setting the pretrial conference prior to March 6, 2023 and therefore sets a trial date after the date stipulated by the parties. Accordingly, the Court finds good cause to modify the scheduling order and continue the pretrial conference to March 11, 2024 and trial to May 7, 2024.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' stipulation to reopen expert discovery is DENIED;

2. The parties' stipulation to modify the scheduling order as to the pre-trial scheduling conference and trial is GRANTED, and the scheduling order is modified as follows:

    b. Pretrial Conference: **March 11, 2024;**

    c. Trial: **May 7, 2024**; and

4. All other aspects of the scheduling order shall remain in effect.

IT IS SO ORDERED.

Dated:   **December 15, 2023**

UNITED STATES MAGISTRATE JUDGE